Casey K. Yontz, SBA #025843
**The Yontz Law Group, P.C.**
4856 E. Baseline Rd., Suite 104
Mesa, AZ 85206
Telephone: (480) 355-1377; Fax: (480) 772-4719
casey@ylglaw.com

Attorney for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 13 |
| Michael S. Beal | Case No. 2:15-bk-12126-GBN |
| Debtor(s). | **STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN** |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtor(s) as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtor(s) shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) <u>Future Earnings or Income</u>. Debtor(s) shall make the following monthly Plan payments:

1

| Months | Amount |
|--------|--------|
| 1-36   | $360.00 |

The payments are due on or before the 11th day of each month commencing October 11, 2015. Debtor(s) are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor(s) shall provide, to the Trustee copies of their Federal and State income tax returns, including all attachments, forms, schedules, and statements, for post-petition years, within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor's annual disposable income.

(2) <u>Other Property.</u>   None.

(B) **DURATION.** This plan shall continue for 36 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period, all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Casey K. Yontz, shall be allowed total compensation of $4,500.00. Counsel shall represent the Debtor(s) in the Minimum Required Services as set forth in General Order 106.

The original fee (exclusive of costs) at the inception of the case, as specified in the Chapter 13 Plan, was $4,500.00, of which the Debtor(s) paid $2,500.00, with a balance of $ 2,000.00 paid by the Trustee through the Debtor(s) payments under the plan.

Said fee was a flat fee.

2

For costs or expenses, Counsel has been paid $310.00 for filing fees, plus $0.00 for a credit report for a total of $ 310.00.

Counsel currently is holding $0.00 in a trust account.

Counsel:

Is not seeking compensation in excess of the flat fee; or

(2) Claims Secured by Real Property:

   None.

(3) Claims Secured by Personal Property:
   (a.) Capital One Auto Finance secured by a lien in a 2005 Chevy Avalanche, shall be paid $7,412.00 at 4% interest. The creditor shall receive adequate protection payments of $74.00.

(4) Unsecured Priority Claims:

   None.

(5) Surrendered Property: Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtor shall surrender the following property:

   The Debtor will surrender 2013 Yamaha Grizzly in which Cerastes, LLC has a security interest.

(6) Other Provisions:
   The Debtor shall turn over all net tax refunds to the trustee for each year during the life of the plan (2015, 2016, and 2017) as supplemental plan payments.

(7) Unsecured Nonpriority Claims:

   Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon

3

completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtor(s) upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

/ / /

4

ORDER SIGNED ABOVE

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Casey K. Yontz
Attorney for Debtor

The Debtor certifies all required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
Michael S. Beal

Copy mailed or emailed to:

Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, AZ 85003

U.S. Trustee
230 North 1st Ave, Suite 204
Phoenix, AZ 85003-1706